By the Court.—Sedgwick, J.
It is agreed that, under section 1347 of the Code of Civil Procedure, the direction of the court, unless it is an interlocutory judgment, is not appealable. The words of this order are “it is ordered that the demurrers of the defendants, &c., and of the defendant, the Harmony Mills, be, and the same hereby are overruled,” and “it is further ordered and decided that the plaintiffs have judgment against the several defendants as above specified, for *153 costs herein, according to the prayer thereof, unless the several defendants above specified, within twenty days from the entry of this order and notice, pay the costs, &c., and serve their answer.” Under any circumstances, the form of this is imperfect. As it stands, the service of an answer would leave a demurrer upon the record undetermined,, or an implied determination in defendant’s favor. A better form, perhaps, would have been, with leave to the defendants, within; &c., on payment of costs, to withdraw the demurrer and' serve an answer.
Except, perhaps in some cases, not like the present one, an interlocutory judgment on an issue as to the merits is a final determination of part of the issue, which leaves the rest of the issue to be thereafter adjudged. It cannot be a judgment of any kind, if on its face it does not determine some part of the issue. Merely overruling a demurrer is essentially removing an obstacle, which the demurring party has interposed, to the other side proceeding to judgment upon the facts. In and of itself, that does not give the other side a judgment. It leaves him at. liberty to proceed to judgment. Beyond this, an order asserting that the plaintiff have judgment is not a part of the judgment which he may have. The judgment is yet to come ; when it is-entered, it adjudges the existence of certain things, for instance, in a case like this, it would determine that a trust existed, that the trustees took the mortgage made by the defendants ; that the defendants knew the terms of the trust, and if the court so held, for this is said only as illustration, that the defendants cause to be procured the consent in writing, &c. . It would or would not leave some part of the issue undetermined, according to circumstances.
In the present case it is ordered that the plaintiffs have judgment and nothing more. The judgment in whole or in part is not pronounced. Indeed, if it is at *154 all a judgment, it is a final judgment, if it were not for the clause “ unless,” &c. But this clause, unless the defendant serve an answer, goes back of the order that plaintiffs have judgment. If an answer be served, that prevents a judgment being entered. In that case, the order in substance is that the plaintiffs do not enter judgment, but proceed to trial of the issue of fact.
If, however, it should appear that the defendant allowed the twenty days to pass without serving an answer, there would be nothing then but an order overruling the demurrer. Before the defendant is entitled to appeal judgment must be entered, and this judgment will be final or interlocutory, according to its terms, and the contingencies of the facts.
The motion to dismiss appeal is granted, with costs. The order is to be settled upon notice.
Van Vorst, J., concurred.